CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 14 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ELAINE L. CHAO, <br><br> *Plaintiff,* <br><br> v. <br><br> J.W. ROACH & SONS LOGGING AND HAULING <br><br> *Defendant.* | CIVIL ACTION NO. 6:05-CV-00021 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

On August 27, 2004, Administrative Law Judge Richard E. Huddleston issued a Recommended Decision and Order ordering Defendant J.W. Roach & Sons to reinstate immediately its former employee, Christopher Waechter, to his position as truck driver.

On June 13, 2005, Plaintiff commenced enforcement proceedings pursuant to 49 U.S.C. §31105(d), filing a Complaint in this Court seeking a permanent injunction enforcing the administrative order of reinstatement. Also on June 13, 2005, Plaintiff filed a motion for preliminary injunction requesting that this Court order Mr. Waechter to be reinstated pending final disposition of this matter. Defendant has not filed an Answer.

In deciding whether to grant a preliminary injunction, this Court usually must consider (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied, (2) the likelihood of harm to the defendant if the injunction is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *Blackwelder Furniture Co. v. Seilig Mfg. Co.,*

550 F.2d 189, 193–96 (4th Cir. 1977). The United States, however, is not held to the requirements of a private litigant when it seeks the aid of the courts to give effect to a policy of Congress as manifested in a statute. *Schafer v. United States*, 229 F.2d 124, 128 (4th Cir. 1956). Even if the government does not show a likelihood of irreparable injury, an injunction may issue for the enforcement of an Act of Congress when it is in the public interest. *Id.*

## DISCUSSION

### a. Public Interest

The Supreme Court recognized a public interest in compliance with federal commercial vehicle safety regulations and protecting employees from retaliatory discharge in *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 262 (1987). The Court found that the provisions of the Surface Transportation Assistance Act (STAA) prohibiting retaliatory discharge reflected a legislative determination that noncompliance with state and federal safety regulations in the transportation industry warranted enactment of specific protective legislation encouraging employees to report violations. *Id.* Issuance of a preliminary injunction in this case would promote "the intention of Congress to encourage employees to report unsafe conditions and to provide protection against retaliation for such reporting." *New Albany Concrete Service, Inc., d/b/a/ Irving Materials, Inc. v. Herman*, 2000 WL 33975408 at *6 (W.D. Ky. 2000).

### b. Likely Harm to Defendant If a Preliminary Injunction is Granted

In *Roadway Express*, the Court considered whether provisions of the STAA authorizing temporary reinstatement based on an investigator's preliminary findings of retaliatory discharge violated an employer's due process rights. *Roadway Express*, 481 U.S. at 257. The Court acknowledged that an employer has a substantial interest in controlling the makeup of its

workforce and to discharge its employees for cause, *id.* at 263, but concluded that the prereinstatement procedure reflected a careful legislative balancing of the relative interests of the Government in public safety, the employee in protecting his income and job status, and the employer.[1] *Id.* at 259.

Although this matter does not involve the same prereinstatement procedure challenged in *Roadway Express*, the Court's reasoning applies with similar force. The STAA's implementing regulations provide for a discharged employee's immediate reinstatement upon an ALJ's finding of retaliatory discharge. 29 C.F.R. §1978.109(b). If the ALJ orders reinstatement, that order may not be stayed even if the employer files an appeal to the Department of Labor's Administrative Review Board. *Id.* These implementing regulations reflect the Department of Labor's expert judgment that the public and employee interest in protecting whistle-blowing activity outweighs an employer's interest in controlling the composition of its workforce.[2]

### c. Likelihood of Success on the Merits

Defendant has appealed ALJ Huddleston's Recommended Decision and Order to the Department of Labor's Administrative Review Board (ARB). That appeal is pending. If Defendant's appeal does not prevail, it may seek review of the ARB's final decision and order

---

[1] The Court ultimately concluded that due process requires only that an employer have notice of the employee's allegations, notice of the substance of the relevant supporting evidence, an opportunity to submit a written response, and an opportunity to meet with the investigator and present statements from rebuttal witnesses. *Roadway Express*, 481 U.S. at 264.

[2] Further, because Congress anticipated that recalcitrant employers would refuse to comply with administrative reinstatement orders, Congress gave the Secretary of Labor authority to seek judicial enforcement or reinstatement orders in federal district court. 49 U.S.C. §31105(d). This enforcement provision reflects a legislative judgment that the public and employee interests in reinstating possible whistleblowers quickly outweighs the employer's interest in maintaining the status quo pending a final decision and order by the Administrative Review Board.

in the Court of Appeals in which the violation allegedly occurred. 49 U.S.C. §31105(c); 29 C.F.R. §1978.110(a). Because review of the merits is vested in the Court of Appeals, the standard of review for a district court to use in determining whether to enforce an ALJ decision ordering reinstatement under the STAA "is not to review the evidence but to simply ascertain whether the procedures followed by the Secretary [of Labor] in issuing the ALJ order satisfied due process." *Yellow Freight Systems*, 793 F.Supp. 461, 473 (S.D.N.Y. 1992), *aff'd* 983 F.2d 1201 (2d Cir. 1993).

The fundamental requirement of due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Defendant had an opportunity to present witnesses and documentary evidence and to cross-examine Mr. Waechter's witnesses in a formal hearing before ALJ Huddleston, and to a file a post-hearing brief. However, Defendant did not answer Mr. Waechter's complaint and failed to respond to the ALJ's May 21, 2004 Pre-hearing Order; to the ALJ's July 13, 2004 Order to Show Cause why sanctions should not be imposed for failure to comply with the pre-hearing order; to Mr. Waechter's August 3, 2004 Motion for Partial Summary Judgment; or to the ALJ's August 6, 2004 Order requiring it to respond to the partial summary judgment motion. *Recommended Decision and Order*, 2004-STA-00043 at 2 (Aug. 27, 2004). As a result, Judge Huddleston found that Defendant waived its right to a hearing and on August 27, 2004, issued a Recommended Decision and Order granting Mr. Waechter's partial summary judgment motion. *Id.* at 3, 6.

Defendant had ample opportunity to present evidence and arguments to the ALJ and challenge Mr. Waechter's version of events in a full blown administrative hearing. Due process requires nothing more. *See supra* n.1. Because due process was apparently satisfied, Plaintiff

has demonstrated a strong likelihood of prevailing on the merits.

## CONCLUSION

In light of the refined preliminary injunction standard applicable when the United States—here acting through the Secretary of Labor—applies for an injunction to enforce an Act of Congress; the clear public interest involved; the balancing of interests favoring immediate reinstatement reflected in the STAA and implementing regulations; and Plaintiff's strong likelihood of success in the merits, it is appropriate for the Court to grant a preliminary injunction here. Plaintiff's motion for a preliminary injunction is hereby GRANTED.

An appropriate order shall issue.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. District Judge

Sept. 14, 2005
Date